## THE STATE *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF NEWTON ET AL.

[No. 5,967. Filed December 23, 1905. Appeal dismissed May 16, 1906.]

1. COUNTIES.—*Court-Houses.—Unauthorized Erection.—Title.*—
Where the county in good faith, but without legal authority,
partially erected a court-house and paid for such part, such un-
finished structure will be considered as at the disposal of the
county. p. 59.

2. INJUNCTION. — *Unfinished Court-House. — Nuisance. — Pur-
presture.*—A county cannot be compelled by injunction to tear
down and remove an unfinished court-house, erected without
legal authority, but in good faith, a new court-house being nec-
essary, on the ground that such unfinished court-house consti-
tutes a nuisance or purpresture. p. 60.

3. APPEAL AND ERROR.—*Injunction.—Power of Appellate Court.*
—While the granting of a temporary injunction by the Appel-
late Court is ancillary to the litigation and is made to preserve

the subject-matter thereof *in statu quo,* yet, the court will not grant same where the effect would be inequitable or wrongfully injurious.  p. 62.

4. APPEAL AND ERROR.—*Injunction.—By Appellate Court.—Rule.* —The Appellate Court before granting a temporary injunction will examine the whole record and if it plainly appear that the petitioner therefor will not be entitled on the final hearing to such relief, that fact will be considered in the decision on the motion for a temporary order.  p. 62.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Suit by the State of Indiana against the Board of Commissioners of the County of Newton and others.  From a decree for defendants, plaintiff appeals.  On motion for a temporary injunction. *Motion denied.*

*Robert O. Graves, Herman C. Rogers, Merrill Moores, A. D. Babcock* and *Estel E. Pierson,* for appellant.

*William Cummings,* for appellees.

BLACK, P. J.—The transcript on appeal in this cause having been filed in this court December 7, 1905, the appellant on the same day filed its motion for a temporary injunction herein.

Upon the hearing of this motion the following facts are presented, as disclosed by the record on appeal: the verified motion for a temporary injunction, the proceedings of the Board of Commissioners of the County of Newton, the proceedings of the county council thereof, and the affidavits of competent witnesses submitted.  The town of Kentland is the county seat of Newton county, and therefore the proper place for a court-house, furnishing suitable accommodation for the courts and the various county officers, and for the proper storing and preservation of the public records. Upon the public square in that town, owned by the county, there exists a building devoted to such uses, which was erected many years ago at a small cost, which is in a dilapidated condition and unfit for the purposes of a court-house.  December 17, 1904, the county council adopted an

order purporting to authorize the board of county commissioners to borrow $25,000, to be used for the purpose of erecting a court-house on the court-house square in that town, and to authorize and direct that board to issue negotiable bonds of the county for that sum, and to appropriate to such purpose the money derived from the sale of the bonds. On January 2, 1905, the board of commissioners contracted with an architect for plans and specifications for a court-house and for the superintendence of its construction, and on February 6, 1905, the board approved plans and specifications submitted by an architect, and directed advertisements for proposals for the erection of the building, to be received April 3, 1905. Thereupon an action was brought in the court below by the State, on the relation of Benjamin F. Davis and others, voters and taxpayers of that county, against the board of commissioners and others, to enjoin the letting of the contract. From the judgment rendered in that cause the plaintiff therein appealed to the Supreme Court of Indiana, wherein, on June 30, 1905, the judgment was reversed as to the board of commissioners, and the court below was directed to enter a finding in favor of the plaintiff therein, and to render judgment thereon enjoining the board of commissioners from entering into a contract for, the construction of a court-house, and from erecting a court-house or paying out for such purpose any of the funds of the county, under and by virtue of the proceedings of the county council of December 17, 1904. See *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262. In that case the ground upon which the court on appeal declared the invalidity of the action of the board of commissioners appears in the following extract from the opinion of the court: "The record discloses that the Newton County Council attempted to make the appropriation of money for the building of a court-house by a mere motion and an order made in pursuance thereof. This procedure was in plain violation of the statute. The

adoption of the motion is followed by an order spread upon the record, purporting to authorize the issuance and sale of county bonds to provide the money so appropriated. The statute quoted requires that the issuance of county bonds can be authorized only by ordinance, and the method adopted in this case was in violation of law, and therefore ineffectual and invalid. It follows that no appropriation of money for the erection of a court-house had been made by the Newton County Council at the time appellee board of commissioners was intending and threatening to enter into a contract for the erection of such a building, and that said appellee was proceeding without warrant of law, and that such contract, if made, would be void."

It may seem hardly necessary to remark that the judgment which the Supreme Court directed was to be one having reference to the action of the county council on December 17, 1904, and restraining action pursuant thereto because of its declared invalidity resulting, not from the purpose of the restrained action, but from the form in which the council proceeded, and that such judgment would not affect any subsequent action relating to the construction or repair of public buildings of the county by the administrative officers thereof proceeding in due conformity to the requirements of the statute relating to such matter.

The judgment in the court below from which the appeal was so taken being in favor of the defendants in that cause, the board of commissioners contracted with Eric Lund for the erection of the court-house. He commenced the construction of the building of brick, stone and mortar, and continued the building thereof until the further construction was stopped on June 9, 1905, by an injunction issued by the Supreme Court, since which time no work has been done on the building, according to the verified complaint herein. In the verified motion for a temporary injunction

herein it is stated that since June 30, 1905, and since the order granted by the Supreme Court, no work has been done or attempted, and that the structure now stands as it was when the workmen left work· June 30, 1905. It appears that this structure is an incomplete court-house two stories in height, without roof, and unfurnished as to doors, windows and otherwise; that the incomplete building is well constructed, according to the plans and specifications, and would be well adapted, if completed to the purposes of a court-house.

August 7, 1905, the board of commissioners, pursuant to the statute of 1899 (§5594v *et seq.* Burns 1901, Acts 1899, p. 343), presented to the county auditor a verified estimate, itemized, of the expenses of the board for the calendar year 1906, including, among other items, the following:

> "First item. Expense of public buildings and institutions. (1) Court-house. Amount required for the repair and completion of the new court-house, also heating apparatus for the same, plumbing, wiring and architect's fee ........................$19,450
> Electric light fixtures.................... $800
> Amount required for furniture for new court-house and vault fixtures................ $2,500
> Architect, fee for plans, specifications and superintendent's work ................... $250
> \* \* \* Fifth item. To pay attorneys' fees and costs in case of the State, ex rel. Davis, vs. This Board, and other expenses of said suit in circuit and Supreme Court........ $1,000
> To pay [an attorney named], employed by this board for services before board and county council relating to repair and completion of new court-house, and for services in Newton Circuit Court in relation thereto........ $500"

The board in the same instrument prayed for authority, by ordinance, to issue and sell bonds of Newton county in the sum of $24,500, to provide funds with which to pay

for the repair and completion of the new court-house, electric light fixtures therein, furniture therefor, for fees, costs, and expenses of the case of the State, ex rel., v. Board of Commissioners and others, and fees of the attorney above mentioned, and the fees of the architect for such repairs and completion of the new court-house; "the current funds to be derived from taxation and other sources of revenue being insufficient for the payment of the above named expenditures. The total of the indebtedness of said county added to the above sum will not exceed two per cent of the taxable property of said county." Afterward, August 25, 1905, in vacation, before the October term of the court below, the appellant filed its verified complaint herein, signed by the prosecuting attorney as such, and by other attorneys, as of counsel, wherein the appellant sought a temporary injunction restraining the members of the board of commissioners and the contractor, Lund, from permitting the public square to be longer obstructed by the structure so erected thereon, and asked that they be ordered forthwith to remove the brick, stone, mortar, plaster and other substances constituting the building, and to restore the public square to the condition which existed prior to April 13, 1905, when the construction was commenced, and that, failing or refusing so to do, the sheriff of that county be ordered forthwith to procure the necessary tools and labor, and to remove such obstruction and every part thereof, and to restore the surface of the public square to the condition in which it was prior to the date last mentioned, and that the expense of so doing be taxed as a part of the costs of this suit, and that the county council and its members, named, be enjoined from making any appropriation for the completion of the unfinished building, or for any of the purposes for which an appropriation was so asked in the estimate of the board of commissioners of August 7, 1905, above mentioned, and that the board of commissioners be enjoined from applying any of the

county funds, then in their charge, or thereafter appropriated, to the expense of completing the building or to the expense of removing it, and that on the final hearing the defendants, who are the appellees, being the board of commissioners and its members, the county council and its members, and Lund, the contractor, be perpetually enjoined from any and all of the acts which it was herein sought to enjoin temporarily, and that they be commanded to remove the obstruction, and to restore the surface of the public square to its former condition, etc.

Afterward, August 29, 1905, in vacation, upon the hearing of the application for a temporary injunction, the judge of the court below, holding that there was no ground for a temporary injunction against any of the defendants except the board of commissioners, made its order temporarily enjoining that board from applying any of the county funds already in their charge or custody, or thereafter appropriated, to the expense of completing, remodeling, improving, or in any manner expending funds of the county upon the unfinished building, and expressly adjudging that the county council was not in any way restrained or enjoined from making appropriations as asked for by the board of commissioners or from authorizing that board to issue and sell bonds for the purpose of obtaining funds to build a court-house, or to remodel or to complete a court-house. Afterward, on the final hearing in term, October 16, 1905, it was adjudged that the appellant take nothing by its complaint, and that the temporary injunction so granted in vacation be dissolved. Thereupon the appellant brought this appeal from that judgment.

It further appears that the county council at its regular annual meeting in September, 1905, by ordinance, made appropriations in accordance with the estimate of the board of county commissioners above mentioned, and by another ordinance authorized the borrowing of money to defray such expenses, and directed the issuing of bonds of the

county therefor.    Concerning the regularity of the pro-
ceeding of the county council in these matters on this occa-
sion no objection is suggested, and no ground of objection
has been observed by us.

By the motion now in hearing we are asked to enjoin,
pending the appeal, the board of county commissioners,
and all persons acting by, through or under that board,
from entering into any contract for the completion or
repair of the unfinished structure to be used as a court-
house, and from selling any bonds of the county for the
purpose of raising money to defray expenses for the repair
or completion of that building, it being shown in the
motion, and further proved upon the hearing, that the
board, by advertisement, has given notice of the letting
of such a contract, and notice of the sale of such county
bonds.

It appears that so far as the court-house has been built,
it has cost $13,745.    It is sufficiently shown that in its
erection the county commissioners acted in good
1.    faith, believing that they were proceeding accord-
ing to law, though by the failure of the county
council to make the appropriation and authorize the loan,
and direct the issue of bonds by ordinance, instead of by
order, the action of the board was rendered invalid, as has
been decided by the Supreme Court.    There is no question
involved in the case now here on appeal or in this applica-
tion for a temporary injunction in relation to the action of
the board of commissioners in paying for the unfinished
structure; that is, it is not sought to recover the money so
paid, or to charge any individuals with pecuniary liability
because of such payment.    The unfinished building, of
considerable value, stands upon the public square, the land
of the county appropriated to use as the site of its public
office buildings.    The person or persons who placed it there
have been paid for it, though without authority of law.
Such persons or other individuals have no rights as owners

of the structure as it stands, or right to reclaim and remove the materials from the land of the county. If it be admitted that the board of commissioners has authority to cause the building to be torn down and its materials to be removed, this would occasion great expense, for the payment of which no appropriation appears to have been made by the county council. The county commissioners, having control of the ground, permitted the structure to be placed where it is, and without formal authority, though in good faith, the board paid for it. Though the payment was unauthorized, yet there being no individual owner of the structure, of such permanent character, situated upon the real estate of the county, it must be treated as within the disposal of the county, through its proper administrative representatives. Neither the county nor any citizen is seeking its removal.

It is sought in the name of the State, as plaintiff, to compel its removal, as constituting a nuisance or purpresture, and to restrain the representatives of the 2. county from making any beneficial use of it. It does not appear that if the structure were destroyed, and its materials were removed from the public square, they would become the property of the State, or of any individual designated, nor is it indicated where the great mass of valuable materials might properly be deposited without infringement of public or private rights.

It appears from the affidavits submitted on this hearing that the structure is so situated that it does not interfere with the use of the old court-house upon the same square, or impede business or obstruct the square to the detriment of the public. Whatever might be said if it appeared to be the purpose of the board of commissioners to maintain the structure permanently in its present unfinished condition, or to allow it to remain indefinitely upon the public grounds, to which all citizens have a right to resort for lawful purposes, and to become ruinous and decayed. yet,

on the contrary, it affirmatively appears that while it is now simply in the condition of a large unfinished building, for the preservation of which from the effects of the weather proper measures have been taken, it is the purpose of the board of commissioners to proceed as speedily as is practicable to make a beneficial use of the structure, by completing its construction as a court-house, much needed, and by so equipping it that it will not have any quality of a nuisance, but will be an ornamental and useful public building properly located. It is not questioned that, if this structure were removed, the administrative officers of the county would. have full authority of law, by and through the forms which they have pursued for the completion of the building, to construct on the same place a new building such as is now in contemplation. It does not clearly appear that the same materials might not, without infraction of any rule of law, be used in such reconstruction. It is impossible to recognize how any public or private interest would be subserved by destroying, at great expense in money and in time, this costly structure, preparatory to commencing anew, after a long period, the beneficial public enterprise of providing a sufficient court-house. It is not sought in this proceeding to recover damages as such, or to impose punishment upon any individuals for the creation or maintenance of a nuisance; but it is proposed that all and each of the defendants be commanded to remove the structure, and to restore the square to its former condition, and that if the members of the board of commissioners, as individuals, and the contractor will not do so, the sheriff be ordered to cause the building to be removed and the surface of the square to be restored, and that the expense thereof be taxed as part of the costs of suit in this case.

Whatever may be said concerning such a prayer, which forms no part of the attempted statement of a cause of action, it is impossible to see how any benefit could accrue

from the result to the appellant, the State, or to any political subdivision of the State, or to the citizens thereof, or to any individual. Nor is it apparent how any public or private harm will accrue from the proposed beneficial use of the partly constructed building. While the purpose of the action by the State is to procure the destruction and removal of the existing building, and to prevent the use of the material in the construction of the contemplated courthouse, and to enjoin the incurring of expense by the county alone for completing it, we are now asked to enjoin appellees, pending the appeal, from completing the building and putting it in such condition that it cannot be regarded in any sense as a nuisance or an improper obstruction or inclosure of part of the public square, and to enjoin temporarily the borrowing of money for the payment of the estimated expenses in completing and in properly furnishing the building.

While an injunction granted by this court is merely ancillary, and is awarded, not strictly upon principles of equity, but for the purpose of so far preserving the subject-matter of litigation *in statu quo* that our judgment upon final hearing may not in any respect be ineffectual, yet it is proper for us to consider the record so far as to contemplate intelligently the effect of such temporary restraint upon the litigating parties, and though our conclusion may sometimes compel us to characterize the whole proceedings, we must not hesitate to refuse to do an inequitable or useless or wrongfully injurious thing by our temporary order.

The whole record is before us, and if it plainly appear therefrom that the appellant will not be entitled to relief sought therein upon the final hearing, this may be given proper influence in deciding upon the application for a temporary injunction, as indicating that there is no proper occasion for enforcing the preservation of existing conditions pending the appeal. All the

items of expense presented by the board of commissioners through the auditor to the county council related to the completion of the unfinished structure and the proper furnishing thereof as a court-house, except certain items in relation to compensation to attorneys for service rendered the board, and the expenses of a certain suit in court. In the motion in hearing nothing is asked and nothing is said concerning such fees and expenses. We have thought it proper not to enter upon any discussion of the question suggested by counsel as to the propriety or permissibility of making the State of Indiana the plaintiff in such a suit, inasmuch as it has appeared to us that the consideration of the merits of the motion before us requires the denial of the relief sought in this application, and the question as to the want of proper parties for any of the purposes of the suit may be left without discussion at this stage.

The motion for a temporary injunction is overruled.