### FORD MOTOR COMPANY v JACKSON

APPEAL AND ERROR—DISMISSAL—PENDENCY OF ACTION INVOLVING SAME CLAIM—COURT RULES.

A circuit court erred in refusing to grant a motion to dismiss an appeal from a decision of the Employment Security Commission where an appeal of the same decision involving the same claim and the same parties was pending in another circuit court at the time of filing of the claim of appeal; the suit was still "pending" even after it had been dismissed by the circuit court in which it had been originally filed because it was still subject to review by the Court of Appeals, and it will remain pending, despite a decision by the Court of Appeals, as long as it might still be appealed to the Supreme Court (GCR 1963, 116.1[4]).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 February 14, 1973, at Detroit. (Docket Nos. 13111–13116.) Decided June 25, 1973. Leave to appeal granted as to certain claims, and others held in abeyance, 390 Mich 781.

Donald W. Jackson and others presented their claims for unemployment benefits against their employer, Ford Motor Company. Benefits awarded. Ford Motor Company appealed to Ingham Circuit Court. Judgment for Ford Motor Company. Claimants appeal. Reversed and Ford Motor Company's appeal dismissed.

*Wright Tisdale* and *Joseph A. O'Reilly (Richard A. Fellrath,* of counsel), for Ford Motor Company.

*Stephen I. Schlossberg, John A. Fillion,* and *Jordan Rossen,* for claimants.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 60.

*Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: V. J. BRENNAN, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. On January 26, 1970, the Michigan Employment Security Commission held that defendants (hereinafter referred to as "employees") were entitled to "back-to-work" payments pursuant to MCLA 421.27(c)(2); MSA 17.529(c)(2). On January 27, 1970, employees filed a claim of appeal from this decision in the Wayne County Circuit Court (hereinafter referred to as the "Wayne case"). On February 6, 1970, plaintiff (Ford) filed a claim of appeal from the same decision of the Michigan Employment Security Commission in the circuit court for Ingham County. This later case (which involves precisely the same parties as the "Wayne case") is the one under consideration here, and shall be referred to as the "Ingham case".

Also on February 6, 1970, Ford moved to dismiss the Wayne County case. That motion was granted on August 30, 1971. The dismissal of the Wayne case was recently affirmed by this Court in an unpublished per curiam opinion. *Alvarado v Ford Motor Co* (Docket Nos. 12605, 12614, decided March 1, 1973 [unreported]). This Court upheld the dismissal of the Wayne case on the grounds that the employees were either not aggrieved by the decision of the MESC, or were not residents of Wayne County.

On February 4, 1971, employees' motion to dismiss the instant case was denied by the Ingham

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

County Circuit Court. The motion was based on the pendency of the Wayne case and GCR 1963, 116.1(4). The Ingham court then proceeded to reach the merits and held for Ford. Final judgment therein was rendered on November 19, 1971. The employees appeal and first argue that the Ingham County Circuit Court erred by failing to dismiss the instant suit.

We agree with the employees. The court rule provides:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

* * *

"(4) another action is pending between the same parties involving the same claim, * * * ." GCR 1963, 116.1.

The dispositive question here is the meaning of the term "pending". At the time of the filing of the Ingham County suit, the Wayne County suit was, and has been at all times up to and including the present, "pending". It was "pending" after it had been dismissed by the Wayne County Circuit Court because it was still subject to review in this Court. It is still pending, despite the decision of this Court, since it may yet be appealed to the Supreme Court. See *Bisceglia Motor Sales, Inc v Studebaker-Packard Corp,* 367 Mich 472 (1962).

The court below is reversed, and the case is dismissed.

Reversed and dismissed. Costs to defendants-appellants.

All concurred.