325 N.E.2d 507 (1975)
Henry J. ENSWEILER, Jr. and James Neugebauer, Appellants,
v.
The CITY OF GARY, LAKE COUNTY, Indiana, et al., Appellees, and Dr. J.J. Forszt et al., Additional Appellees, Landowner's Appeal, Remonstrance and Complaint from Purported Annexation by the City of Gary, Lake County, Indiana, of Certain Territory, Appellants.
No. 3-374A43.
Court of Appeals of Indiana, Third District.
April 16, 1975.
Bernard M. Tetek, Gerald N. Svetanoff, Gary, for appellants.
Charles A. Ruckman, Gary, for appellees.
GARRARD, Judge.
The principal appeal in this consolidated cause concerns whether the trial court properly sustained an ordinance of the City of Gary annexing certain territory.
We have been presented with a petition which seeks the entry of an order in aid of our appellate jurisdiction.
The gravamen of the petition asserts the threat of separate litigation by which it will be sought to determine that persons residing within the potentially annexed area (who are otherwise qualified) are entitled to vote in the 1975 primary city election for the City of Gary.
The annexation statute applicable to the principle proceeding, IC 1971, XX-X-XX-XX, Ind. Ann. Stat. § 48-721 (Burns 1974 Supp.) provides for an appeal from an annexation to the circuit or superior court of the county where the territory is situated. IC 1971, XX-X-XX-XX, Ind. Ann. Stat. § 48-72 *508 (Burns 1974 Supp.) then provides in relevant part:
"Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed shall not be deemed a part of the annexing city."
The primary question, then, is whether the term "pending appeal" is limited to the proceedings conducted by the circuit or superior court, or whether the phrase contemplates the entire process of appeal until the case has been finally determined.
In Cincinnati, H & D Ry. Co. v. McCullom (1915), 183 Ind. 556, 109 N.E. 206, our Supreme Court considered a similar question with regard to a statute which permitted a plaintiff's action for personal injuries to survive to his personal representatives where the plaintiff died pending an appeal.
The court noted that the term "pending" could be accorded two meanings: (a) during the continuance of; and (b) during the time intervening before; awaiting; until. The court then held that the statutory use of the term included both definitions, so as to make the statute applicable both during the time an appeal might be commenced and during the period after its commencement until its final disposition.
Similarly, the Michigan court has held that an action is "pending" so long as it was still subject to review in the Court of Appeals and even after the decision of the Court of Appeals where it was yet appealable to the Supreme Court. Ford Motor Co. v. Jackson (1973), 47 Mich. App. 700, 209 N.W.2d 794.
See, also, Gordon v. Rhodes & Daniels (1907), Tex.Civ.App., 104 S.W. 786; Sanford v. Sanford (1859), 28 Conn. 6; Stockard v. Hamilton (1919), 25 N.M. 240, 180 P. 294; In re Egan (1909), 24 S.D. 301, 123 N.W. 478, which define "pending" as "remaining undecided."
We are convinced that it was this broad definition the legislature intended in the annexation statute. The importance of the right of qualified citizens to vote cannot be minimized. However, the ramifications of interpreting the statutory proscription as expiring when the case has been decided by the circuit or superior court, even though that decision has not been finalized through the remainder of the appellate process, would create a limbo intolerable to annexee and annexor alike. How would the parties properly pursue the provision of city services, utilities, sewage disposal and the like together with property taxes and other assessments during a period when the appeal remained viable and the possibility remained that the annexation would be set aside?
Furthermore, this view is compatable with the Supreme Court's decision in State v. Madison Cir. Ct. (1963), 244 Ind. 403, 193 N.E.2d 242. While the court did not expressly decide the point at which pendency of the annexation appeal terminated, it is to be noted that the annexation in question had been affirmed by the Appellate Court and transfer had been denied by the Supreme Court before the action was commenced which led to the mandate that the annexees be permitted to vote. In its opinion, the court stressed that there was more than a 60 day interval between the denial of transfer and the date of the election.
Accordingly, we hold that IC 1971, XX-X-XX-XX, Ind. Ann. Stat. § 48-722 (Burns 1974 Supp.) provides that territory sought to be annexed shall not be deemed a part of the annexing city until the completion of the applicable process of appellate review.
Having so decided, we turn to appellants' application for injunction.
In a proper case this court may issue injunctions in aid of the exercise of its appellate jurisdiction. State v. Bd. of Commr's (1905), 38 Ind. App. 52, 76 N.E. 308; B & O R. Co. v. Wabash R. Co. (1902), 28 Ind. App. 185, 62 N.E. 520.
*509 However, upon the allegations before us at this time, we do not believe an appropriate case for the relief sought has been presented. We therefore deny extraordinary relief unless and until such time as it is made to appear necessary.
STATON, P.J., and HOFFMAN, J., concur.