**CITIZENS FOR ST. JOSEPH TOWNSHIP, INC., Appellant–Plaintiff Below,**

v.

**AUDITOR OF ALLEN COUNTY, Assessor of Allen County, Treasurer of Allen County, and the City of Fort Wayne, Appellees–Defendants Below.**

No. 02A03–9305–CV–148.

Court of Appeals of Indiana, Third District.

Dec. 22, 1993.

---

Ralph R. Blume, Blume, Connelly, Jordan Stucky & Ulmer, Lawrence A. Levy, Fort Wayne, for appellant-plaintiff.

J. Timothy McCaulay, Corp. Counsel, City of Fort Wayne, Fort Wayne, for appellees-defendants.

STATON, Judge.

Certain Northeast Area Landowners ("Landowners") appeal the trial court's order granting summary judgment against them. They raise four issues for our review, which we consolidate into one and restate as follows: whether a remonstrance was pending against Annexation Ordinance X–01–89 on March 1, 1992.

We affirm.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

On April 25, 1989, the Landowners filed a petition for remonstrance challenging the City of Fort Wayne's ordinance annexing approximately 4918 acres designated as the "Northeast Annexation Area" ("Annexation Ordinance X–01–89"). Initially, the trial court determined that the Landowners' petition contained enough signatures to be recognized as a valid remonstrance. However, this court reversed on appeal and held (1) that the trial court's method of counting the owners of land was erroneous; (2) that the Landowners did not have a majority of signatures; and (3) that the trial court erred in finding that the remonstrance was valid. *City of Fort Wayne v. Landowners* (1990), Ind.App., 564 N.E.2d 297, 298 (Garrard, J., dissenting), *trans. denied* ("*Fort Wayne I*"). The Landowners' petition for rehearing was denied on February 12, 1991 and our supreme court denied transfer on August 22, 1991.

On August 26, 1992, the trial court dismissed the remonstrance based on this court's opinion in *Fort Wayne I, supra.* The Landowners appealed this dismissal by contesting the number of valid signatures stipulated by the parties in prior proceedings. This court recently affirmed the trial court's dismissal in *Landowners v. City of Fort Wayne* (1993), Ind.App., 622 N.E.2d 548 ("*Fort Wayne II*").

The current appeal stems from a declaratory judgment and permanent injunction action filed by the Landowners against the City of Fort Wayne, the Assessor, Auditor and Treasurer of Allen County (collectively referred to as "City"). In this action, the Landowners assert that Annexation Ordinance X–01–89 was not in effect as of

March 1, 1992, and thus, the City acted improperly in attempting to assess the Northeast Annexation Area as if it had been part of the municipality at that time.[1] The trial court granted the City's motion for summary judgment. This appeal ensued.

 The Landowners rely on IND.CODE 36-4-3-14 (1988) which provides in pertinent part that "[p]ending the remonstrance, and during the time within which the remonstrance may be taken, the territory sought to be annexed is not considered a part of the municipality." Thus, the crucial issue is whether the remonstrance was pending as of March 1, 1992.

"An action is considered pending so long as it is still subject to review by this court." *Bd. of Commissioners of Benton County v. Whistler* (1983), Ind.App., 455 N.E.2d 1149, 1155, *trans. denied.* In *Ensweiler v. City of Gary* (1975), Ind.App., 325 N.E.2d 507, we considered the application of the predecessor statute to IC 36-4-3-14 and concluded "that territory sought to be annexed shall not be deemed a part of the annexing city until the completion of the applicable process of appellate review." *Id.* at 508.

The Landowners argue that the remonstrance was still pending on March 1, 1992 despite this court's decision in *Fort Wayne I, supra,* and the subsequent denial of the Landowners' petitions for rehearing and transfer. They contend that, in reversing the trial court's decision, this court did not decide that the remonstrance was invalid under any circumstances as a matter of law. We disagree.

In *Fort Wayne I,* Judge Hoffman pointed out that there are two means to remonstrate against annexation and that the parties had made certain stipulations that rendered one of the means unavailable.[2] He went on to conclude that the second means had not been satisfied, and stated "the trial court erred in finding that the remonstrance was valid." *Fort Wayne I, supra,* at 298. The fact that the trial court did not act upon this conclusion for over a year does not mean that the remonstrance was still pending.

Our result today is consistent with our decision in *Fort Wayne II,* in which Judge Garrard noted that the Landowners were asking us "to reopen a case that has been heard on the merits and *subjected to full appellate review.*" *Fort Wayne II, supra,* at 549 (emphasis in original). The remonstrance was not pending as of March 1, 1992.

Affirmed.

HOFFMAN, and GARRARD, JJ., concur.

---

1. *See* IND.CODE 6-1.1-1-2 (1988).

2. "IND.CODE 36-4-3-11(a) allows two groups of landowners to remonstrate against annexation: a majority of the owners of the land and owners of more than 75% of the assessed value of the land. The instant parties stipulated that the signatures on the remonstrance did not represent more than 75% of the owners of the assessed value of the land." *Fort Wayne I, supra,* at 298, n. 1.