1994–N1 OHIO ASSOCIATES, L.P., Appellee,

v.

PLANET EARTH ENTERTAINMENT, INC. et al., Appellants.

[Cite as *1994–N1 Ohio Assoc., L.P. v. Planet Earth Entertainment, Inc.* (1995), 108 Ohio App.3d 383.]

Court of Appeals of Ohio,
2nd District, Montgomery County.

No. 15338.

Decided Dec. 27, 1995.

*Gary W. Gottschlich,* for appellee.

*H. Louis Sirkin, Laura A. Abrams* and *Gregory P. Garner,* for appellant Planet Earth Entertainment, Inc.

*Winfield E. Kinney* and *Theresa A. Baker,* for appellants Straker, Strayer and Minker.

---

*Per Curiam.*

This matter is before the court upon the motion of defendants-appellants for an order staying the execution of, or any proceedings to enforce, the judgment and mandate of this court rendered on December 15, 1995, pending final disposition of the case by the Ohio Supreme Court. The motion was heard at 10:00 a.m. on Wednesday, December 27, 1995, in the presence of counsel for all parties. After consideration of the arguments presented by the parties on the issue of this court's jurisdiction to hear the motion and the issue of the amount of the bond, we grant the motion and order a stay of execution of the judgment and mandate of this court until the Ohio Supreme Court determines whether to accept this cause for review. We set an additional supersedeas bond to be posted in this court in the amount of $52,000 by 4:00 p.m. on Tuesday, January 2, 1996.

At the outset, appellants concede that as of this date they have not filed a notice of appeal and a memorandum in support of jurisdiction with the Ohio Supreme Court appealing the decision of this court rendered on December 15, 1995, affirming the trial court's grant of a writ of restitution to appellee. We accept the representations of counsel for appellants that they plan to file a timely appeal from this decision.

With respect to the issue of this court's jurisdiction to hear this motion, we agree with both parties that the central question is the meaning of "pending appeal" within the context of App.R. 7(A). Neither party nor this court was able to find an answer to this question in Ohio case law. Appellee would have us adopt a restrictive definition of "pending appeal," to the effect that, unless a notice of appeal and a memorandum in support of jurisdiction have been filed with the Ohio Supreme Court under S.Ct.Prac.R. II, no "pending appeal" exists and this court therefore lacks jurisdiction to hear this motion. Appellee relies on language in Civ.R. 62(B) ("When an appeal is taken the appellant may obtain a stay of execution * * * "), App.R. 7(A) ("Application for a stay of the judgment or

order of the trial court pending appeal * * * "), App.R. 27 ("A stay of execution of the judgment mandate pending appeal may be granted upon motion * * * "), and language in R.C. 1923.14 ("If an appeal from the judgment of restitution is filed and if, following the filing of the appeal * * * ") to support its argument that an appeal must be filed for it to be a "pending appeal" under the Rules of Civil Procedure and the statutes governing forcible entry and detainer actions. We hold that R.C. 1923.14 is intended to apply to stays of execution of judgments of restitution of premises while the cause is on appeal to the court of appeals, and is not intended to apply to stays of execution following the judgment of the court of appeals. Furthermore, even if R.C. 1923.14 were intended to apply to postappellate judgment stays of execution, the extent to which, and the manner in which, a court may limit the efficacy of its judgment while the judgment is still potentially subject to reversal or modification by a higher court appears to us to be a matter of procedure, and the procedure concerning the limitation of the efficacy of a judgment of a court of appeals is dealt with in App.R. 7(A) and 27. Therefore, the Rules of Appellate Procedure supersede any contrary limitations prescribed by statute. Section 5(B), Article IV, Ohio Constitution. In fact, the need for some mechanism whereby a court of appeals familiar with a controversy (because it has just decided the cause on appeal) may freeze the status quo until the Ohio Supreme Court has had an opportunity to decide whether it will accept the case for review has taken on heightened significance due to recent changes made to the Rules of Practice of the Supreme Court of Ohio, effective in June 1994, which require the filing of a memorandum in support of jurisdiction contemporaneously with the filing of a notice of appeal. A memorandum in support of jurisdiction will often require greater legal craftsmanship than the brief on the merits, since most attempts to obtain relief from the Ohio Supreme Court come to grief at that preliminary stage.

Defendants-appellants point us to *Ford Motor Co. v. Jackson* (1973), 47 Mich.App. 700, 702, 209 N.W.2d 794, 795–796, reversed on other grounds (1976), 399 Mich. 213, 249 N.W.2d 29, in which the appellate court concluded that a "pending appeal" includes the time before an appeal has been filed, since the appeal may be filed at any time within a set number of days. In construing *Jackson* for the purpose of determining the meaning of "pending appeal," an Indiana court of appeals wrote, "[T]he Michigan court has held that an action is 'pending' so long as it was still subject to review in the Court of Appeals and even after the decision of the Court of Appeals where it was yet appealable to the Supreme Court." *Ensweiler v. Gary* (Ind.App.1975), 325 N.E.2d 507, 508. We find these decisions to be well reasoned and we adopt a definition of "pending appeal" to include the time before an appeal is filed with a higher court so long as

the matter remains potentially subject to review. Thus, we conclude that we have jurisdiction to determine this motion.

With respect to setting the bond awaiting a decision from the Ohio Supreme Court on appellants' memorandum in support of jurisdiction for a discretionary appeal, appellants would have us keep the bond set as it is in the trial court, at $25,000. Appellee has presented evidence to this court that on the basis of the diminished value of the real estate, it has sustained damages of $1,814,150 and on the basis of lost rent from vacant commercial spaces in the shopping center, it is presently losing $13,000 a month. Appellee represented that its damages to date have exceeded the bond already posted with the trial court and presented evidence that it is losing current tenants and cannot attract new tenants to the shopping center.

We assume that the Ohio Supreme Court will require approximately four months to decide the jurisdictional motion in this case. Based upon that assumption, we require that appellants post an additional supersedeas bond with this court in the amount of $52,000 by 4 p.m. Tuesday, January 2, 1996. This bond is in addition to the $25,000 bond posted with the trial court, from which we understand plaintiff-appellee is already claiming payment of damages for delay. If the amount of the supersedeas bond required by this decision proves at a later date to be inadequate, appellee can request an increase in the amount of this bond.

This stay of execution is effective immediately. As of 4:00 p.m., January 2, 1996, this stay will remain in effect only if a supersedeas bond has been posted in the amount of $52,000.

*So ordered.*

BROGAN, P.J., WOLFF and FAIN, JJ., concur.